**UNITED STATES of America,**
**Plaintiff,**

v.

**$1,474,770.00 IN U.S. CURRENCY,**
**Defendant.**

**Civil No. 07CV0819 JAH(JMA).**

United States District Court,
S.D. California.

Feb. 27, 2008.

---

Leah R. Bussell, U.S. Attorneys Office Southern District of California, San Diego, CA, for Plaintiff.

Stephen J. Estey, Estey and Bomberger, San Diego, CA, for Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CLAIM AND ANSWER OF JAVIER ACOSTA LARIOS PURSUANT TO 28 U.S.C. § 2466, [DOC. # 12]**

JOHN A. HOUSTON, District Judge.

### INTRODUCTION

Pending before this Court is the motion of plaintiff United States of America ("Plaintiff") to strike the claim and answer of Javier Acosta–Larios ("Claimant") pursuant to Title 28, United States Code, Section 2466. Doc. # 12. The motion has been fully briefed by the parties. After careful consideration of the pleadings presented, and for the reasons set forth below, this Court GRANTS Plaintiff's motion.

### BACKGROUND

A criminal complaint was filed against Claimant on May 7, 2007, alleging he was involved in a conspiracy to commit international money laundering in violation of Title 18, United States Code, Section 1956(h). *See* Doc. # 6, Exh. 1. The complaint states that as a result of committing the money laundering offense, Claimant shall forfeit the property involved, including the $1,474,770.00 in U.S. currency which is the subject of the instant complaint. *Id.* A warrant was issued for the arrest of Claimant on May 7, 2007, and is still outstanding. *Id.* at 4. On May 7, 2007 a copy of the criminal complaint was sent with a letter to Claimant's attorney informing him of the pending charges against his client. *Id.*

The United States filed this civil *in rem* action pursuant to Title 18, United States Code, Section 981, and Title 3, United States Code, Section 5332 seeking forfeiture of $1,474,770.00 in U.S. currency on May 7, 2007. Doc. # 1 ¶ 1. Claimant filed an answer on May 29, 2007, Doc. # 5, and

a claim on June 1, 2007. Doc. # 8. On May 30, 2007, the Honorable Jan M. Adler, United States Magistrate Judge issued an order setting an Early Neutral Evaluation ("ENE") Conference for July 11, 2007, requiring Claimant's personal appearance. Doc. # 6. On May 31, 2007, Claimant filed a motion seeking leave to appear telephonically at the ENE Conference, indicating he was out of the country and will remain out of the country for the foreseeable future. Doc # 7. Judge Adler denied Claimant's request to appear by telephone by order issued on June 12,2007. Doc. # 11. When Claimant failed to appear in person at the ENE Conference on July 11, 2007, an Order to Show Cause why sanctions should not be imposed was issued, requiring Claimant to appear before the Court on August 27, 2007, and to submit a declaration by August 20, 2007. Doc. # 17 at 2. When Claimant did not appear at the hearing on August 27, 2007, Judge Adler issued a report recommending the claim and answer filed by Claimant be stricken for failure to comply with the Court's orders. Doc. # 21 at 2. Plaintiff filed the instant motion to strike on June 24, 2007. Doc. # 12. Claimant filed an opposition to the motion on July 5, 2007. Doc # 14.

## DISCUSSION

Plaintiff moves to strike the claim and answer of Claimant Javier Acosta–Larios pursuant to Title 28, United States Code, Section 2466, which is also known as the fugitive disentitlement doctrine.

### 1. Legal Standard

On April 25, 2000, Congress passed the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") that provides in relevant part:

(a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person—

(1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution—

(A) purposely leaves the jurisdiction of the United States;

(B) declines to enter or reenter the United States to submit to its jurisdiction; or

(C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and

(2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

28 U.S.C. § 2466. CAFRA identifies fives elements which must be met before this Court may order disentitlement: 1) related criminal and civil proceedings; 2) issuance of a warrant; 3) claimant's notice or knowledge of issuance of a warrant; 4) claimant either A) purposely leaves the United States, B) declines to enter or reenter the United States to submit to its jurisdiction; or C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the claimant; and 5) claimant is not confined or in custody in any other jurisdiction.

Courts that have considered motions to strike under the fugitive disentitlement doctrine "[have] treated the motion as something like a motion to dismiss, [have] looked to matters outside the pleadings, and [have], where appropriate, allowed for the possibility of summary judgment." *United States v. $6,976.934.65 Plus Interest*, 478 F.Supp.2d 30, 39 (D.D.C.2007) (citing *Collazos v. United States*, 368 F.3d 190 (2d Cir.2004); *United States v. Real Property Located at Incline Village*, 47 F.3d 1511 (9th Cir.1995); *United States v.*

*$1,278.795.00 United States Currency,* 2006 WL 870364 (S.D.Tex. Mar. 30, 2006); *United States v. One 1988 Chevrolet Cheyenne Half–Ton Pickup Truck,* 357 F.Supp.2d 1321 (S.D.Ala.2005); *United States v. 845 United Nations Plaza, Apartment 60E,* 2004 WL 1933559 (S.D.N.Y. Aug. 31, 2004); *United States v. $138,381.00 in U.S. Currency,* 240 F.Supp.2d 220 (E.D.N.Y.2003); *United States v. $1,231,349.68 in Funds,* 227 F.Supp.2d 130 (D.D.C.2002)). Generally, a disentitlement decision will "be made at an early stage of the proceedings," and "a court should consider as much information as is available before deciding whether to invoke the significant measure of disallowing a claim." *United States v. $6,976,934.65,* 478 F.Supp.2d at 38. Even if the court makes all the findings necessary for disentitlement, "it should also consider whether the record discloses any reason for not invoking disentitlement." *Id.* at 44. Such considerations can include weaknesses in the underlying complaint and arrest *in rem* and due process concerns. *Id.* at 44–45.

### 2. Analysis

The parties do not dispute that an arrest warrant was issued in related criminal proceedings of which claimant was aware and that Claimant is not confined or in custody in another jurisdiction. The parties dispute Claimant's fugitive status and Claimant also argues that there are weaknesses in the pleadings as a reason for not invoking the fugitive disentitlement doctrine. As such, this Court will only address the fourth element concerning Claimant's fugitive status and the alleged reason for not invoking the fugitive disentitlement doctrine.

### a. Fugitive Status

Plaintiff argues that the fugitive disentitlement doctrine should bar Claimant's claim and answer, asserting that the facts before this Court meet all of the elements of Section 2466. *See* Doc. # 12 at 7. Plaintiff further argues that Claimant has declined to enter the United States to face the pending criminal charges. *See id.* Plaintiff also relies on policy reasons for applying the fugitive disentitlement doctrine. *Id.* (citing *Degen v. United States,* 517 U.S. 820, 828, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996) (recognizing the impropriety of a Claimant remaining outside the jurisdiction of the criminal courts and expecting mailed in papers to be honored in the related civil action)). Plaintiff argues that by filing a claim and answer in the civil forfeiture action, Claimant "seeks to utilize the resources of the very court system he has chosen to ignore in his criminal proceedings, a paradox that this Court should not tolerate." *Id.* at 7.

Claimant argues in his opposition that the fugitive disentitlement doctrine should not apply in this case. He asserts that the government has presented no evidence to demonstrate he has purposefully left or declined to enter or reenter the United States. *See* Doc. # 14 at 2. Claimant suggests that if Plaintiff were to notice his deposition and he failed to appear, the motion for terminating sanctions would be appropriate, however, "at this stage in the litigation the government's motion is premature." *Id.* at 2–3.

 This Court finds that Claimant, having knowledge of the related criminal action, seeks to utilize the resources of this Court while ignoring the criminal proceedings pending against him. *See e.g. United States v. One 1988 Chevrolet Cheyenne Half–Ton Pickup Truck,* 357 F.Supp.2d at 1327 (attributing knowledge to a claimant when claimant's attorney has knowledge he is subject to arrest). He is aware he is subject to arrest, but has not subjected himself to criminal process. *See e.g., United States v. Contents of Account Number*

*68108021,* 228 F.Supp.2d 436, 443 (S.D.N.Y.2002) (holding that the fugitive disentitlement doctrine applied where claimant knew she was subject to arrest but evaded the jurisdiction of the criminal court). Claimant submitted documents to this Court indicating that he was out of the country and would remain out of the country for the foreseeable future. *See* Doc. # 7. Claimant has evaded the jurisdiction of the criminal court, as well as this Court.[1] *See* 28 U.S.C. § 2466(a)(1)(C). As such, the Court finds that Claimant qualifies as a fugitive. Additionally, Plaintiff's motion is not premature as disentitlement determinations are generally made early in the proceedings. *See United States v. $6,976,934.65,* 478 F.Supp.2d at 38.

**b. Record does not disclose any reasons for not invoking fugitive disentitlement doctrine**

 Reasons for not invoking the fugitive disentitlement doctrine might include due process concerns or weaknesses in the pleadings. *See United States v. $6,976,934.65,* 478 F.Supp.2d at 44–46. The only argument Claimant makes to this end is that the Plaintiff has not shown probable cause for the forfeiture. Doc. # 14 at 4. This Court is not persuaded by this argument. Moreover, there are no due process concerns apparent on the record before the Court. Claimant has every right to challenge the seizure of the property and Plaintiff's civil allegations once he faces the criminal charges against him. *See id.,* 478 F.Supp.2d at 45. Due to Claimant's fugitive status and lack of respect for this Court's legal processes, demonstrated by his refusal to appear and submit to this Court's jurisdiction, which he seeks to invoke, he has no right to call upon this Court to adjudicate his claim.

1. Claimant has repeatedly failed to appear before this Court, despite orders instructing him to do so. This Court finds such refusal to

*CONCLUSION AND ORDER*

Based on the foregoing, and the recommendation of the magistrate judge, IT IS HEREBY ORDERED that Plaintiff's motion to strike the claim and answer of Javier Acosta Larios pursuant to 28 U.S.C. § 2466 [Doc. # 12] is **GRANTED.** The Clerk of Court is directed to strike the claim and answer from the record.

comply also justifies striking his claim and answer as recommended by Judge Adler. *See* Doc. # 21 at 2.